### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) |  |
| SCOVILL FASTENERS INC., ) | Case No. 11-21650 |
| SCOVILL, INC., ) | Case No. 11-21652 |
| PCI GROUP, INC., ) | Case No. 11-21655 |
| RAU FASTENER COMPANY, L.L.C., ) | Case No. 11-21654 |
| SCOMEX, INC., ) | Case No. 11-21653 |
| ) |  |
| Debtors.[1] ) | Joint Administration Pending |
| ) |  |

### DEBTORS' EMERGENCY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Scovill Fasteners Inc. ("**Scovill**"), Scovill, Inc. ("**Parent**"), PCI Group, Inc. ("**PCI**"), Scomex, Inc. ("**Scomex**") and Rau Fastener Company, L.L.C. ("**Rau**," together with Parent, Scovill, PCI, Scomex, the "**Debtors**") file this motion (the "**Motion**") for an order directing the joint administration of the above-captioned cases for procedural purposes. In support of this Motion, the Debtors incorporate by reference the Declaration of Stewart Little in Support of First Day Motions and Applications (the "**Little Declaration**") filed contemporaneously herewith, and represent as follows.

---

[1] The last four digits of the tax identification number for each of the Debtors follow in parenthesis: (i) Scovill Fasteners, Inc. (9561); (ii) Scovill, Inc. (3634); (iii) PCI Group, Inc. (7672) and Rau Fastener Company, L.L.C. (0883). Scomex, Inc. does not have a taxpayer identification number. The mailing address of the Debtors is 1802 Scovill Drive, Clarkesville, GA 30523-6348.

## I. JURISDICTION

1. This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

## II. BACKGROUND

2. On April 19, 2011 (the "**Petition Date**"), Scovill commenced a voluntary case under Chapter 11 of the United States Code (the "**Bankruptcy Code**"). On the same day, Scovill's sole owner, Parent, and three of Scovill's wholly owned subsidiaries, PCI, Rau and Scomex, also filed Chapter 11 petitions in this Court.[2] The Debtors are authorized to operate and manage their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in any of the Debtors' Chapter 11 cases.

3. Scovill is an industry leader in the production of high quality snap fasteners and tack buttons. Scovill manufactures the majority of its products at its 300,000 square foot factory located in Clarkesville, Georgia. Clarkesville is also its headquarters location. Scovill employs approximately 200 employees in Clarkesville, approximately 17 employees in other U.S. locations and 5 independent contractors in South America. Scovill also owns several foreign subsidiaries and maintains a network of licensees and subcontractors overseas, primarily in Asia.

4. Parent has no employees. It is a holding company whose only asset is the stock of Scovill.

---

[2] Scovill has other direct and indirect foreign subsidiaries.

5. Rau has no current operations or employees. Its only asset is the stock of Scovill Canada, Inc. – which has no current operations, assets or employees.

6. Scomex has no current operations or employees. Its only asset is the stock of Scovill Fastener, S.A. de C.V. – which has no current operations, assets or employees.

7. PCI has no current operations, assets or employees.

8. Scovill is the Borrower, and Parent, PCI, Rau and Scomex are each Guarantors, under a "Credit Agreement" (the "**Prepetition Credit Agreement**") dated as of February 2, 2004 (as amended and restated) with General Electric Capital Corporation, as Agent (as defined therein), and the Lenders and letter of credit issuers thereto.

9. Scovill, Rau and Scomex are each borrowers or guarantors under the Third Amended and Restated Loan and Security Agreement (the "**Tranche B Credit Facility**") dated as of February 2, 2004 (as amended and restated) with GSCP Recovery Inc. ("**Recovery Inc**."), GSC Recovery II, L.P. ("**Recovery II**"), and GCS Recovery IIA, L.P. ("**Recovery IIA**") (Recovery Inc., Recovery II and Recovery IIA are sometimes collectively referred to as "**Recovery**").

10. All of the indebtedness and obligations of Scovill, Rau, Scomex and PCI arising under the Tranche B Credit Facility are subordinated to all obligations under the Prepetition Credit Agreement pursuant to that certain Subordination Agreement, dated as of February 2, 2004, as amended, by and among Recovery and Agent for the Lenders.

11. Scovill, Rau, PCI and Scomex are each borrowers or guarantors under a Term Loan Agreement dated as of December 23, 2005 (as amended and restated) with Recovery.

3

12. All of the indebtedness and obligations of Scovill, Rau, Scomex and PCI arising under the Term Loan Agreement are subordinated to all obligations under the Prepetition Credit Agreement pursuant to that certain Subordination Agreement, dated as of December 23, 2005, as the same may have been amended, by and among Recovery and Agent for the Prepetition Lenders.

13. In September 2010, Scovill retained Carl Marks Advisory Group, LLC to provide financial advisory services to assist Scovill with exploration of a prospective sale or merger of the business. Following an extensive marketing effort, all of the Debtors entered into an Asset Purchase Agreement with a stalking horse bidder which contemplates the sale of substantially all their assets pursuant to Section 363 of the Bankruptcy Code.

### III.    BASIS FOR RELIEF

14. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure provides, in relevant part, that if "two or more petitions are pending in the same court by ... a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein to consolidate these cases for procedural purposes.

15. Based upon the foregoing and the Debtors' affiliation, joint administration of these cases is warranted. Joint administration of these cases will avoid the preparation, replication, filing, and service, as applicable, of duplicative notices, applications, and orders, thereby saving the Debtors and their estates considerable time and expense. The rights of creditors will not be adversely affected as this Motion requests only

4

administrative consolidation of these cases, and not substantive consolidation of the estates.

16.  Moreover, each creditor may still file its claim against a particular estate.  In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases.  The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files.  Finally, supervision of the administrative aspects of these Chapter 11 cases by the U.S. Trustee for the Northern District of Georgia will be simplified.

17.  The Debtors also request that the caption of their cases be modified to reflect the joint administration of these Chapter 11 cases, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SCOVILL FASTENERS INC., *et al.*, | ) | Case No. 11-21650 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

18.  The Debtors also seek the Court's authorization that a notation, substantially similar to the following notation, be entered on the docket of each of the Debtors' cases to reflect the joint administration as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases of Scovill Fasteners Inc., Scovill, Inc., PCI Group, Inc., Scomex, Inc.

5

and Rau Fastener Company, L.L.C. The docket in the case of Scovill Fasteners Inc., Case No. 11-21650 should be consulted for all matters affecting this case.

19. Finally, the Debtors seek authority to file their monthly operating reports required by the U.S. Trustee Operating Guidelines on a consolidated basis because: (a) consolidated reports will further administrative economy and efficiency without prejudice to any party in interest and (b) the reports will accurately reflect the Debtors' business operations and financial affairs.

20. Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

### IV. NOTICE

21. No trustee, examiner or official committee of unsecured creditors has been appointed in any of the Debtors' Chapter 11 cases.

22. The Debtors have served this Motion via facsimile, e-mail, and/or overnight mail to: (a) the United States Trustee for the Northern District of Georgia; (b) the Debtors' forty (40) largest unsecured creditors (on a consolidated basis); (c) General Electric Capital Corporation, as Agent for the Debtors' prepetition senior secured lenders and proposed postpetition lender; (d) GSCP Recovery, Inc., as Agent for the Debtors' subordinated secured lenders and (e) the Internal Revenue Service. In light of the nature of the relief requested, the Debtors submit that no other or further notice need be provided.

23. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and granting the Debtors such other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of April 2011.

                ALSTON & BIRD LLP

                /s/ John C. Weitnauer
                John C. Weitnauer (Bar No. 746550)
                Heather Byrd Asher (Bar No. 139022)
                1201 West Peachtree Street
                Atlanta, GA 30309
                Telephone: (404) 881-7000
                Facsimile: (404) 881-7777

                *Proposed Attorneys for Debtors*

# EXHIBIT A

# PROPOSED ORDER

Case 11-21654-reb    Doc 3    Filed 04/19/11    Entered 04/19/11 20:32:47    Desc Main
Document    Page 8 of 12

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SCOVILL FASTENERS INC., | ) | Case No. 11-21650 |
| SCOVILL, INC., | ) | Case No. 11-21652 |
| PCI GROUP, INC., | ) | Case No. 11-21655 |
| RAU FASTENER COMPANY, L.L.C., | ) | Case No. 11-21654 |
| SCOMEX, INC., | ) | Case No. 11-21653 |
| | ) | |
| Debtors.[1] | ) | Joint Administration Pending |
| | ) | |

**ORDER DIRECTING JOINT ADMINISTRATION OF
<u>RELATED CHAPTER 11 CASES</u>**

Upon the motion (the "**Motion**")[2] of the debtors and debtors in possession of the above-captioned Chapter 11 cases (collectively, the "**Debtors**") for entry of an order (the "**Order**") directing the joint administration of the Debtors' related Chapter 11 cases for procedural purposes only; and the Court having jurisdiction

---

[1] The last four digits of the tax identification number for each of the Debtors follow in parenthesis: (i) Scovill Fasteners, Inc. (9561); (ii) Scovill, Inc. (3634); (iii) PCI Group, Inc. (7672) and Rau Fastener Company, L.L.C. (0883). Scomex, Inc. does not have a taxpayer identification number. The mailing address of the Debtors is 1802 Scovill Drive, Clarkesville, GA 30523-6348.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

over these cases pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these cases in this district being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and upon consideration of the Declaration of Stewart Little in Support of First Day Motions and Applications; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest; and due and proper notice of the Motion having been given, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon hearing on April __, 2011 before the Court and after due deliberation; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The above-captioned Chapter 11 cases shall hereby be jointly administered by this Court in the case of Scovill Fasteners Inc., Case No. 11-21650, pursuant to Bankruptcy Rule 1015(b).

2. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of the above-captioned cases.

3. The caption of the jointly administered cases shall read as follows:

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SCOVILL FASTENERS INC., *et al*. | ) | Case No. 11-21650 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

4.  A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases of Scovill Fasteners Inc., Scovill, Inc., Rau Fastener Company, L.L.C., PCI Group, Inc., and Scomex, Inc. The docket in the case of Scovill Fasteners Inc., Case No. 21650, should be consulted for all matters affecting this case.

5.  This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

6.  The Debtors or their agent are directed to serve a copy of this Order to the applicable notice parties.

***   END OF ORDER   ***

**Prepared and presented by:**

ALSTON & BIRD LLP

_____
John C. Weitnauer (Bar No. 746550)
Heather Byrd Asher (Bar No. 139022)
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Proposed Attorneys for Debtors*